IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHANGHAI RUIJUN CULTURE COMMUNICATION CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> DBEST PRODUCTS, INC., <br><br> Defendant. | Civil Action No.: 25-cv-15487 <br><br> JURY TRIAL DEMAND |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Shanghai Ruijun Culture Communication Co., Ltd., doing business as Freebat-US ("Plaintiff"), brings this action for declaratory judgment against Defendant DBEST Products, Inc. ("Defendant"), and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for declaratory judgment of non-infringement and invalidity arising under the patent laws of the United States, including 35 U.S.C. § 100 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

2. Plaintiff seeks a declaration that Plaintiff's storage box products, including those sold through Plaintiff's Freebat-US Amazon storefront, do not infringe U.S. Patent No. 12,275,446 ("the '446 Patent") or U.S. Patent No. 12,304,546 ("the '546 Patent"), and that one or more claims of the '446 Patent and the '546 Patent are invalid. True and correct copies of the '446 Patent and the '546 Patent are attached as Exhibits A and B, respectively.

3. Plaintiff and Defendant compete in the sale of products on Amazon.com. Defendant

has accused Plaintiff of patent infringement by submitting one or more infringement complaints to Amazon asserting the '446 Patent and/or the '546 Patent against Plaintiff's product listings.

4. On or about November 21, 2025, Plaintiff received notice of Defendant's infringement complaint(s) to Amazon based on the '446 Patent and the '546 Patent. A true and correct copy of the Amazon notice and/or complaint information is attached as Exhibit C.

5. As a result of Defendant's patent assertions, Amazon removed or disabled Plaintiff's product listings, and Plaintiff has suffered and continues to suffer immediate and ongoing commercial harm, including disruption of sales, interference with customer relationships, and impairment of Plaintiff's ability to compete on the Amazon marketplace.

6. Amazon's removal of Plaintiff's listings and Defendant's continued assertion of patent infringement create an ongoing cloud over Plaintiff's ability to sell its products and maintain access to the marketplace. Plaintiff seeks prompt declaratory relief to resolve the controversy and prevent continuing and future disruption to Plaintiff's business caused by Defendant's patent assertions.

7. A real, immediate, and justiciable controversy exists between Plaintiff and Defendant because Defendant has accused Plaintiff of infringing the '446 Patent and the '546 Patent through Plaintiff's sales on Amazon, and Plaintiff disputes Defendant's infringement allegations and disputes the validity of the asserted patent claims.

8. Plaintiff brings this action to resolve the parties' concrete dispute and to obtain declaratory relief that (i) Plaintiff has not infringed, and does not infringe, any valid and enforceable claim of the '446 Patent or the '546 Patent, and (ii) one or more claims of the '446 Patent and the '546 Patent are invalid.

## THE PARTIES

9. Plaintiff Shanghai Ruijun Culture Communication Co., Ltd. is a company organized and existing under the laws of China. Plaintiff is the registrant and operator of the "Freebat-US" storefront on Amazon.com, through which it sells products, including storage box products.

10. Plaintiff's products at issue in this action were offered for sale on Amazon.com under Amazon Standard Identification Numbers ("ASINs") B0CSJM8131 and B0D2NFZL89 (the "Freebat-US Products"). Amazon removed and/or disabled these listings following Defendant's patent infringement complaint(s). The relevant Amazon complaint ID is 18887790151.

11. Upon information and belief, Defendant DBEST Products, Inc. is a California corporation with its principal place of business at 16506 S. Avalon Blvd., Carson, California 90746.

12. Upon information and belief, Defendant claims to own the right, title, and interest in U.S. Patent No. 12,275,446 (the "'446 Patent") and U.S. Patent No. 12,304,546 (the "'546 Patent"), including the right to enforce those patents.

## JURISDICTION AND VENUE

13. This action arises under the patent laws of the United States. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), and may grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

14. This Court has personal jurisdiction over Defendant because Defendant has purposefully directed commercial activity toward Illinois, including by selling and shipping products to customers in Illinois through Amazon.com. A true and correct copy of an Amazon order shipped to Illinois is attached as Exhibit D.

15. This Court also has personal jurisdiction over Defendant because Defendant has directed enforcement activity toward Plaintiff's product listings offered for sale to customers in Illinois, including by submitting infringement complaint(s) to Amazon asserting the Patents-in-Suit

against Plaintiff's ASINs. Defendant's conduct caused and continues to cause injury to Plaintiff in this District, including interference with Plaintiff's ability to sell products to customers in Illinois through the Amazon marketplace.

16. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant is subject to personal jurisdiction in this District and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here, including Defendant's sales and shipments to Illinois customers through Amazon.com (see Ex. D) and Defendant's Illinois-directed enforcement conduct that resulted in removal or disabling of Plaintiff's Amazon listings and interference with Plaintiff's ability to sell to Illinois customers.

## FACTUAL BACKGROUND

17. On April 15, 2025, the United States Patent and Trademark Office issued U.S. Patent No. 12,275,446 (the "'446 Patent"). On May 20, 2025, the United States Patent and Trademark Office issued U.S. Patent No. 12,304,546 (the "'546 Patent") (collectively, the "Patents-in-Suit").

18. Upon information and belief, Defendant claims to own the right, title, and interest in the Patents-in-Suit, including the right to enforce the Patents-in-Suit.

19. Plaintiff sells products through its Freebat-US storefront on Amazon.com, including the Freebat-US Products offered for sale under ASINs B0CSJM8131 and B0D2NFZL89.

20. On or about November 21, 2025, Defendant submitted one or more patent infringement complaints to Amazon asserting that Plaintiff's Freebat-US Products infringe the Patents-in-Suit. Plaintiff received notice of Defendant's complaint(s) from Amazon. See Ex C.

21. Following Defendant's patent complaint(s), Amazon removed and/or disabled Plaintiff's product listings and restricted Plaintiff's ability to sell the Freebat-US Products through

the affected ASINs. This disruption has caused and continues to cause immediate and ongoing harm to Plaintiff's business.

22. Plaintiff disputes Defendant's infringement allegations. As set forth in the claims analysis attached as Exhibit E, Plaintiff's Freebat-US Products lack multiple required structural and functional limitations recited in the asserted independent claims of the Patents-in-Suit.

23. By way of example, and without limitation, the Freebat-US Products do not include one or more of the specific panel configurations, locking assemblies, track-and-slide mechanisms, or coordinated structural relationships between components that are required by the asserted claims of the '446 Patent and the '546 Patent. Instead, the Freebat-US Products are collapsible storage boxes that operate without the wheeled cart structures, sliding engagement mechanisms, and multi-panel cooperative assemblies described and claimed in the Patents-in-Suit.

24. Exhibit E provides a representative, claim-by-claim comparison between Plaintiff's Freebat-US Products and independent claims of the Patents-in-Suit, demonstrating that Plaintiff's products do not include every limitation of any asserted claim, either literally or under the doctrine of equivalents.

## COUNT I
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT
## (U.S. PATENT NO. 12,275,446 AND U.S. PATENT NO. 12,304,546)

25. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 24 as though fully set forth herein.

26. Defendant has accused Plaintiff of infringing the '446 Patent and the '546 Patent, including by submitting patent infringement complaints to Amazon concerning Plaintiff's product listings, without any prior judicial determination of infringement. See Ex C.

27. Plaintiff disputes Defendant's infringement allegations. Plaintiff contends that the

Freebat-US Products do not infringe any valid and enforceable claim of the Patents-in-Suit, either directly or indirectly, literally or under the doctrine of equivalents.

28. Plaintiff's non-infringement positions are set forth in the claims analysis attached as Exhibit E, which compares representative independent claims of the Patents-in-Suit to the accused Freebat-US Products and identifies multiple required claim limitations that are absent from Plaintiff's products.

29. Consistent with Exhibit E, Plaintiff's Freebat-US Products are collapsible storage boxes and do not include the wheeled cart structures, sliding engagement mechanisms, and multi-panel cooperative assemblies required by the asserted claims of the Patents-in-Suit.

30. An actual, present, and justiciable controversy exists between Plaintiff and Defendant regarding whether Plaintiff infringes the Patents-in-Suit, including because Defendant has asserted the Patents-in-Suit against Plaintiff's Amazon listings and Plaintiff disputes Defendant's infringement allegations.

31. Plaintiff is entitled to a declaratory judgment under 35 U.S.C. § 271 that Plaintiff has not infringed, and does not infringe, any valid and enforceable claim of the '446 Patent or the '546 Patent through Plaintiff's manufacture, use, offer for sale, sale, and/or import of the Freebat-US Products.

**COUNT II**
**DECLARATORY JUDGMENT OF INVALIDITY**
**(U.S. PATENT NO. 12,275,446 AND U.S. PATENT NO. 12,304,546)**

32. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 31 as though fully set forth herein.

33. Defendant contends that the Patents-in-Suit are valid and enforceable and has accused Plaintiff of infringement based on Plaintiff's sale of the Freebat-US Products.

34. One or more claims of the '446 Patent and the '546 Patent are invalid under 35 U.S.C. § 282 for failure to comply with one or more requirements of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or for non-statutory double patenting.

35. One or more claims of the Patents-in-Suit are invalid as anticipated and/or obvious in view of the prior art, including prior art cited during prosecution of the Patents-in-Suit and additional prior art.

36. An actual, present, and justiciable controversy exists between Plaintiff and Defendant regarding the validity of one or more claims of the Patents-in-Suit, including because Defendant has asserted the Patents-in-Suit against Plaintiff's Amazon listings and Plaintiff disputes the validity of the asserted claims.

37. Plaintiff is entitled to a declaratory judgment that one or more claims of the '446 Patent and the '546 Patent are invalid.

## CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and grant the following relief:

a. A declaration that Plaintiff has not infringed, and does not infringe, any valid and enforceable claim of U.S. Patent No. 12,275,446 or U.S. Patent No. 12,304,546;

b. A declaration that one or more claims of U.S. Patent No. 12,275,446 and U.S. Patent No. 12,304,546 are invalid;

c. An order enjoining Defendant from submitting, maintaining, or renewing patent infringement complaints to Amazon asserting the Patents-in-Suit against Plaintiff's Freebat-US Products (ASINs B0CSJM8131 and B0D2NFZL89) based on the same accused instrumentalities at issue in this action;

d. An award of Plaintiff's costs incurred in this action; and

    e.    Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: December 21, 2025                          Respectfully Submitted,

                                                             /s/ Alexander Warden
                                                             Alexander Warden, Esq.
                                                             Alexander.warden@walflaw.com
                                                             West Atlantic Law Firm, PLLC
                                                             104 West 40th Street, 4th and 5th Floor
                                                             New York, NY 10018
                                                             Attorney for Plaintiff